# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1692 | **DATE** | 3/27/2002 |
| **CASE TITLE** | George Fernandez vs. Ernesto Velasco, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 5/1/2002 at 9:00 A.M.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants' Motion to Dismiss [2-1] is granted in part and denied in part. Defendants' Motion to Dismiss is granted as to Defendants Imhof, Johnson, and the Cook County Department of Corrections. The Motion to Dismiss is also granted as to Defendant Velasco in his individual capacity. The Motion to Dismiss is denied as to Defendant Velasco in his official capacity. The remaining Defendant has until April 29, 2002 to answer or otherwise plead to the complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | *3* number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 28 2002 date docketed | |
| | Notified counsel by telephone. | | | 12 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 MAR 27 PM 3:20 | date mailed notice | |
| KMc/KH courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GEORGE FERNANDEZ,  )
)
)
)
) No. 01 C 1692
Plaintiff, )
)
v. ) Magistrate Judge Nan R. Nolan
)
ERNESTO VELASCO, et al., )
)
)
Defendants. )
)

DOCKETED MAR 2 8 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff George Fernandez brings this action under 42 U.S.C. § 1983 against Defendants Ernesto Velasco, Director of the Cook County Jail; Superintendent Imhof;[1] Chief Johnson; and the Cook County Department of Corrections (collectively "Defendants"). Fernandez's complaint alleges that the Defendants violated his rights under the Eighth and Fourteenth Amendments while he was held at the Cook County Jail as a pretrial detainee by failing to protect him from a violent attack committed by other inmates. The Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). The Parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

---

[1] This Defendant's name was spelled "Imoff" in the complaint. The spelling in this opinion is the spelling used by Defendants in their Motion to Dismiss.

1

## I. BACKGROUND

Fernandez alleges the following facts, which are taken as true for the purposes of ruling on the pending motion to dismiss. *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 502 (7th Cir. 1998). On or around March 10, 2000, Fernandez was a pretrial detainee at the Cook County Jail in Illinois. (Compl. ¶13-14.) The jail has two units designed to house "Special Incarceration" ("SI") inmates, who are so designated because they are involved in high profile cases, or there is a serious risk that the inmates will attempt to escape, will perpetrate violence, or will become a victim of violence, or they otherwise require special treatment. (Compl. ¶11.) SI inmates are housed in one of two units: SI-1, which is located in Division IX of the jail, and SI-2, which is located in Division I. (Compl. ¶12.) Fernandez was designated as an SI inmate and was housed in the SI-1 unit. (Compl. ¶14.) As a pretrial detainee, Fernandez should not have been placed in the "court writ" deck (for previously convicted felons). (Compl. ¶¶15, 23.)

On several occasions before March 10, 2000, Fernandez told defendants Velasco, Imhof, and Johnson that they should not put him into the "court writ" deck, because a rival gang leader had placed a "hit" on him. (Compl. ¶15.) Despite his warnings, the defendants intentionally placed Fernandez into the "court writ" deck, and while there on March 10, 2000, Fernandez was attacked by rival gang members. (Compl. ¶17.) Fernandez was stabbed in the back and head repeatedly and was treated for his wounds in the hospital. (Compl. ¶17-18.)

## II. DISCUSSION

A liberal pleading standard is applied in determining whether a complaint states a claim for which relief can be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The factual allegations of the plaintiff's complaint are taken as true and all inferences are drawn in his favor. *See Looper*

2

*Maintenance Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, (7th Cir. 1999). Dismissal is "appropriate only if the complaint fail[s] to give the defendants adequate notice of the claim, or if there was no set of facts that could be proven, consistently with [plaintiff's] allegations, that would support relief." *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000); *see also Looper*, 197 F.3d at 911 (quoting *Conley*, 355 U.S. at 45-46) ("'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"). However, "a complaint must allege facts bearing on all material elements 'necessary to sustain a recovery under some viable legal theory.'" *Looper*, 197 F.3d at 913 (quoting *Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998)).

Defendants raise the following arguments in support of their motion to dismiss: (1) the complaint fails to allege a cognizable constitutional violation; (2) the complaint fails to state a cause of action against Defendants in their official capacities; (3) the complaint fails to state a cause of action against Defendants in their individual capacities; and (4) Defendant Cook County Department of Corrections ("CCDOC") is a non-suable entity.

### A. **Constitutional Violation**

Fernandez alleges both Eighth and Fourteenth Amendment violations, claiming that Defendants had knowledge of the danger faced by Fernandez and that Defendants acted with deliberate indifference when they ignored Fernandez's several requests that he not be placed in the "court writ" deck because of a threat by a rival gang leader. Defendants argue that Fernandez's complaint fails to allege a cognizable constitutional violation because it does not establish that they were "deliberately indifferent" to a known risk of harm to Fernandez or that the risk of harm was so obvious that their deliberate indifference can be inferred.

3

The parties agree that correctional officers have a duty under the Due Process Clause of the Fourteenth Amendment to protect pretrial detainees from being injured by other inmates. *See Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992); *Anderson v. Gutschenritter*, 836 F.2d 346, 349 (7th Cir. 1988). As a pretrial detainee, however, Fernandez was not protected by the Eighth Amendment's prohibition on cruel and unusual punishment, which applies only to those who have already been convicted. *See id.* at 348-49. However, a pretrial detainee's due process rights are "at least as expansive as a convicted prisoner's freedom from cruel and unusual punishment under the Eighth Amendment." *Swofford*, 969 F.2d at 549; *Weiss*, 230 F.3d at 1032 ("For pretrial detainees, such a claim arises under the Fourteenth Amendment's due process clause rather than the Eighth Amendment, but there is little practical difference between the two standards.").

A pretrial detainee has the right to be protected from intentional exposure to violence and the right to be protected when prison officials learn of a strong likelihood that he will be assaulted. *Swofford*, 969 F.2d at 549; *Anderson*, 836 F.2d at 349. A pretrial detainee can establish a claim under § 1983 "'by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger.'" *Weiss*, 230 F.3d at 1032 (citation omitted).

In order to state a claim under §1983, therefore, a plaintiff must show: (1) an objective risk of danger to the plaintiff; and (2) the defendant's knowledge of and deliberate indifference to the risk of harm. *See id.* First, the danger to the detainee must be "objectively serious, posing a substantial risk of serious harm." *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996) (citation omitted).

4

Second, the defendants must subjectively know of the objective risk of harm. The knowledge component implies more than simply a general awareness of the risk of prison violence. *Weiss*, 230 F.3d at 1032. However, a defendant does not need to have "advance knowledge of every detail of a future assault" for a constitutional violation to exist. *Id.* Knowledge can be inferred if the risk of harm is "obviously very great." *Proffitt v. Ridgway*, 279 F.3d 503, 506 (7th Cir. 2002). A prisoner can also demonstrate actual knowledge of a risk of harm "by showing that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991).

Finally, the prison official must have a "sufficiently culpable state of mind – one of deliberate indifference" to that substantial risk of serious harm. *Langston*, 100 F.3d at 1237. Deliberate indifference requires "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the Defendant's failure to prevent it." *McGill*, 944 F.2d at 348 (citation omitted); *see also Proffitt*, 279 F.3d at 506 ("The duty . . . is just to avoid *deliberate* indifference to the prisoner's safety, implying avoidance of a *known* risk; it is not the duty of due care involved in negligence cases.") (emphasis in original). Deliberate indifference, however, is "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Defendants argue that Fernandez has failed to state a claim of a constitutional violation because the complaint fails to establish that the Defendants were deliberately indifferent to a known risk of harm to Fernandez. Specifically, Defendants contend (1) that Fernandez's complaint contains only "boilerplate allegations" and does not specifically state where or when he complained to Defendants that he was the target of a gang "hit," nor does it state exactly who he believed was going

5

to attack him; (2) that it would have been impossible to totally segregate Fernandez from rival gang members or to provide him with a constant bodyguard; and (3) that the complaint alleges Fernandez gave Defendants only a general warning that a "hit" had been placed on him and did not notify them of a specific risk of assault to himself.

First, Defendants provide no authority for their claim that Fernandez must allege in detail the facts surrounding his complaint to the Defendants that he was the target of a "hit." The federal courts require only notice pleading, *see* Fed. R. Civ. P. 8, and a § 1983 claim is not a matter that must be stated with particularity under the Federal Rules. *See* Fed. R. Civ. P. 9. Second, whether or not Defendants are correct in arguing that it would have been impossible to have completely protected Fernandez, any facts outside Fernandez's complaint are irrelevant to the present motion to dismiss and will not be considered.

Fernandez's complaint alleges that he warned Defendants Velasco, Imhof, and Johnson not to place him in the "court writ" deck because a rival gang leader had placed a "hit" on him. Taking the allegations of the complaint as true and drawing all reasonable inferences in Fernandez's favor, he has stated a claim for deliberate indifference. First, Fernandez's complaint alleges an objective risk of substantial harm, i.e., a "hit" by a rival gang leader. Second, Fernandez alleges that the Defendants knew about the risk of harm because he had warned them about it on several occasions before he was assaulted. Fernandez's complaint does not allege that the Defendants were aware of a general risk of inmate violence; it alleges that the Defendants had actual notice of a particular threat to his safety.[2]

---

[2]The Court is mindful of *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1995), in which the Seventh Circuit affirmed the dismissal of localized claims against senior prison officials, holding that knowledge cannot be imputed to senior officials unless the violations are

6

Finally, Fernandez alleges that, as a pretrial detainee, he should not have been placed in the "court writ" deck; that he advised the Defendants not to place him in the "court writ" deck, because he was in danger of being attacked by rival gang members; and that, in spite of this warning, the Defendants intentionally placed him in the "court writ" deck. Even assuming the Defendants are correct in stating that other allegations in the complaint would not support a Due Process claim (e.g., the Defendants acted "with gross negligence" (Compl. ¶26)), that does not detract from the fact that Fernandez's allegations of deliberate indifference, if supported by sufficient facts, would state a claim for a cognizable constitutional violation. By alleging the Defendants were informed of a specific threat to his safety, Fernandez sufficiently claims the Defendants had "actual knowledge" of an objective risk of harm, and Fernandez's claim that Defendants ignored his pleas and intentionally placed him in harm's way sufficiently alleges "deliberate indifference" by the Defendants.

### 2. **Official Capacity**

Defendants next argue that Fernandez fails to state a claim against Defendants in their official capacities. Municipalities are not subject to liability under § 1983 under a theory of *respondeat superior*; instead, a plaintiff claiming municipal liability under § 1983 must identify a municipal "policy" or "custom" that caused the constitutional injury. *Bd. of Co. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). "As our § 1983 municipal liability jurisprudence illustrates, however, it is not

---

systemic, and that their personal involvement or knowledge cannot be established through, for example, writing letters to the senior officials. Fernandez's complaint, however, does not allege how he informed the Defendants of the threat to his safety. Again, drawing all reasonable inferences in Fernandez's favor, it cannot be said at this time that any of the Defendants lacked personal involvement. *Cf. id.* at 1428 ("[Senior officials] were in positions . . . far from most of the day-to-day decisions that may have affected inmates.").

7

enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404; *see also Gernetzke v. Kenosha Unified Sch. Dist.*, 274 F.3d 464, 468 (7th Cir. 2001) ("In order to state a claim for municipal liability under § 1983, the plaintiff must show that the municipality "was directly responsible for the [constitutional deprivation].").

When execution of a government's or municipality's policy or custom inflicts an injury to the plaintiff, then the government or municipality as an entity is liable under § 1983. *See Baxter v. Vigo Co. Sch. Corp.*, 26 F.3d 728, 734 (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). There are three ways in which a municipality can be found to have violated a person's civil rights through its policy or custom: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that is not authorized by written law or express municipal policy but is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy-making authority. *See Baxter*, 26 F.3d at 734-35.

Fernandez's complaint contains allegations relating to both the second and third *Baxter* factors. First, Fernandez alleges that: "This widespread practice by [Defendants] of failing to take reasonable steps . . . although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with the force of law." (Compl. ¶28.) This allegation is not sufficient to demonstrate a policy or custom in violation of civil rights:

8

"[B]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient." *Id.* at 736; *accord Looper*, 197 F.3d at 913.

With regard to the third *Baxter* factor, the complaint fails to allege final policy-making authority by defendants Imhof and Johnson. Fernandez does allege, however, that Defendant Velasco had final policy-making authority, stating that Velasco "was ultimately responsible for all policies, practices, and procedures for pretrial detainees at the jail." (Compl. ¶7.) The complaint further alleges that Velasco had knowledge of a specific risk of harm and that he was deliberately indifferent to that harm. Fernandez has therefore stated a claim against Velasco in his official capacity.

### C. Individual Capacity and Claims Against CCDOC

Fernandez did not respond to Defendants' motion to dismiss the complaint against Defendants in their individual capacities, so the motion to dismiss is granted to the extent the complaint alleges any individual claims against Defendants.[3] Fernandez also did not respond to Defendants' argument that the CCDOC is a non-suable entity. The CCDOC is therefore dismissed as a defendant.

---

[3]The complaint does not expressly state a cause of action against Defendants in their individual capacities.

9

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED as to Defendants Imhof, Johnson, and the Cook County Department of Corrections. The Motion to Dismiss is also GRANTED as to Defendant Velasco in his individual capacity. The Motion to Dismiss is DENIED as to Defendant Velasco in his official capacity. The remaining Defendant has until April 29, 2002 to answer or otherwise plead to the complaint. The matter is set for status on May 1, 2002, at 9:00 a.m.

ENTER:

*Nan R. Nolan*

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 3/27/02